

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

*Navarro Co*

Honorable E. Y. Cunningham
County Auditor
Corsicana, Texas

Dear Sir:

       Opinion No. O-1822
       Re: Where the brother of a county
         commissioner has been permitted
         to occupy a concession stand in
         the courthouse and pays no rent
         nor receives any remuneration
         therefor, has the law of nepo-
         tism been violated?

    Your letter of January 3, 1940, addressed to Gerald
C. Mann, Attorney General of Texas, has been referred to the
writer for consideration and reply.

    A part of your letter reads as follows:

    "On January 2, 1940, at a regular meeting of
the Navarro County Commissioners' Court, Mr. Wal-
ter Hayes was given the privilege of a concession
stand in the lobby of the courthouse.

    "The holder of the above privilege does not
pay any rent, neither does he receive any remun-
eration from the county. His only source of in-
come being from the sale of his wares, viz: candies,
tobacco, cold drinks, etc.

    "Mr. G. T. Hayes, Commissioner of Precinct 1,
is a brother of Mr. Walter Hayes.

    "Does this relationship offer any barrier to
the appointment or make the Commissioners' Court,
or any of its members guilty of nepotism?"

Your attention is directed to Article 432, Penal Code of Texas, as follows:

"No officer of this State or any officer of any district, county, city, precinct, school district, or other municipal subdivision of this state, or any officer or member of any state, district, county, city, school district, or other municipal board, or judge of any court, created by or under authority of any general or special law of this State, or any member of the Legislature, shall appoint, or vote for, or confirm the appointment to any office, position, clerkship, employment, or duty, of any person related within the second degree by affinity or within the third degree by consanguinity to the person so appointing or so voting, or to any other member of any such board, the Legislature, or court of which such person so appointing or voting may be a member, when the salary, fees, or compensation of such appointee is to be paid for, directly or indirectly, out of or from public funds or fees of office of any kind or character whatsoever."

The purpose of the nepotism statute is to prohibit a public official from appointing, voting for, or confirming the appointment to any office, position, clerkship, employment, or duty, of any person related to him, or to any other member of the court, Legislature, board, etc., of which the official may be a member, within the prohibited degree, when the compensation of such appointee is to be paid, either directly or indirectly, out of public funds. In the instant case, it is apparent from the facts stated that Mr. Walter Hayes has not been appointed to any office, position, clerkship, nor employed to perform any duty, and therefore, your question is answered in the negative.

Trusting this answers your inquiry, we are

Yours very truly

APPROVED JAN 22, 1940

Gerald Mann

ATTORNEY GENERAL OF TEXAS

ATTORNEY GENERAL OF TEXAS

By Pat Coon

Pat Coon
Assistant

PC:GO

APPROVED
OPINION
COMMITTEE